Patten v. Starrett.

---

ROBERT PATTEN *versus* ABNER STARRETT & al.

Exceptions allowed after a default voluntarily and unconditionally submitted to by a defendant are irregularly taken, and will be dismissed.

A plea in abatement setting forth that no service has been made on one of the defendants without alleging such defendant to be co-promissor or obligor is bad.

When the place of residence of a defendant has been mis-described and the officer in consequence thereof has returned *non est inventus*, the writ may be amended by inserting his proper place of residence and service be made on such defendant by virtue of St. 1835, c. 700.

A new description of a defendant is inserting a new defendant within the mischief to be remedied by that statute.

EXCEPTIONS from the District Court, ALLEN J. presiding.

Patten *v.* Starrett.

This was an action of debt entered at the May Term of the District Court, 1839. The writ was dated March 1, 1839. At the said May Term, and on the fourth day thereof, the defendant filed a plea in abatement of said writ, for the cause, " that no service of said writ had been made on David Starrett, one of the defendants therein named, who at the time the same was sued out, resided and has ever since resided in China, in the county of Kennebec, in this State, where the writ might have been served on him."

The name of said David Starrett was originally inserted in the writ, by which he was described as resident in Orono, in the county of Penobscot.

To the plea in abatement, the plaintiff filed the following replication, " And now the plaintiff when, where, &c. comes and saith that his writ aforesaid ought not to abate as aforesaid, but should be maintained against the said defendants, in support of which he presents the following statement of facts, viz. that at the same term, at which his said action was entered, he moved this Honorable Court, for leave and leave was granted, to summon in David Starrett, now of China in the county of Kennebec, which has been done, all of which he is ready to verify. He therefore prays judgment against the said defendants and for his costs."

To the replication there was a demurrer and joinder.

The Court sustained the replication, and adjudged the plea bad, and ordered the defendants to answer over. The defendants were then defaulted in said action.

To the above ruling of the Court, exceptions were filed and allowed.

*I. Washburn, Jr.* for the defendants. Before the passage of St. 1835, c. 700, an original writ could not be amended by inserting new defendants, and if service was made on one only of many defendants, the writ was abated on motion. *Guild* v. *Richardson,* 6 Pick. 364. St. 1821, c. 59, § 5, clearly shows that when the parties live in this State, service should be made on both. In this case both defendants lived in the State and the names of both were inserted in the writ, but service

was made on only one. The plaintiff seeks to avoid the effects of his defective service, by the provisions of St. 1835, c. 700. To avail himself of this statute he must clearly bring himself within its provisions. The cases to be remedied by this statute were, when some of the defendants were unknown, and the plaintiff by plea in abatement was advised of their names and place of residence. The statute does not apply to the case where all the defendants were known, but through neglect or carelessness, service was omitted to be made on some. The defendants' names were all included in this writ. The statute allows an amendment by the insertion of the names of *other persons*, &c.; and provides that on the return of the *amended* writ the *additional* defendant shall be deemed to be a party, &c. By recurring to the provisions of the statute it will be seen that its language expressly excludes the plaintiff's case; and that the relief it affords, is confined to those cases where the other defendants were not originally in the writ. Here there was no additional defendant upon whom that service was to be made.

The replication is bad for informality — for not averring that the writ was amended — that the Court ordered service — and that there was a legal service on the defendant summoned in.

*N. Wilson*, for the plaintiff. The defendants having been defaulted, are thereby precluded from further appearing in the case.

The amendment made was properly allowed. *McLellan* v. *Crofton*, 6 Greenl. 307; *Ordway* v. *Wilbur*, 16 Maine R. 263; *Fogg* v. *Greene*, ib. 282. The Statute of 1835 authorized the amendment, and service has been made according to its provisions. The officer not being able to find the David Starrett named in the writ, returned that fact. Unless a case like this is within the provisions of the statute, it becomes a dead letter and utterly useless.

The opinion of the Court was by

Whitman C. J. — In this case a bill of exceptions was taken and allowed, after a default had been voluntarily and

unconditionally suffered to be entered in the District Court. This was an irregularity. The statute provides, that either party, aggrieved at any order, &c. of the District Court, may take exceptions thereto, and proceed therewith to the Supreme Judicial Court for a revision of the decision objected to. But this presupposes, that the party, so proceeding, has done no act, whereby he must, necessarily, be considered as having consented, that judgment should be entered up against him. A default, voluntarily submitted to, by a defendant, amounts, virtually, to a consent, that judgment should be entered up against him. This action therefore must be dismissed from the docket of this Court; and the District Court will proceed as may be deemed proper in the case.

·As the parties, however, have furnished us with arguments in writing on the points intended to be raised, and as it may be of some practical importance that they should be decided, we have considered the matter. In the first place the plea in abatement, setting forth that no service had been made on one of the defendants, named in the writ, without alleging· that he was a joint co-promissor or obligor, was bad. Without such fact it is of no importance, to the defendant appearing, whether the other person named be summoned or not. The replication which was filed was wholly unnecessary, and ir.- regular; on demurrer and joinder to which the Court did right in going back to the first fault, and adjudging the first plea bad.

Leave was granted, it seems, by the Court to the plaintiff to amend by altering the description of the defendant not summoned, and causing him to be summoned, and be made·a co-defendant. This amendment and procedure have been and still are considered as a subject of controversy, as·we learn from the arguments.

Our statute provides, that the. plaintiff, in an action upon a contract, may be allowed to amend by the insertion of an additional defendant, and summoning him, &c. The question is whether any thing 'more had been done, in this instance, than was within the purview of this statute. The individual,

named in the writ, as a co-promissor, was wrongly described, as to his place of abode, so that the officer in serving the writ, was obliged to return *non est inventus*, as to him.   He was, then, to every intent and purpose, as if he had not been named in it.   A new description of him was, in effect, inserting a new defendant.   It was inserting one that could, in lieu of one that could not, be found.   This seems clearly to be within the mischief, intended by the statute to be remedied ; and we are satisfied, that the procedure was well warranted by its provisions.